James A. Cripe, Appellant *v.* Zoning Hearing Board of City of Meadville, Appellee.

203

Argued October 6, 1983, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*James F. Toohey,* with him *J. W. Alberstadt, Jr., Quinn, Gent, Buseck and Leemhuis, Inc.,* for appellant.

*Russell L. Schetroma, Culbertson, Weiss, Schetroma and Schug,* for appellee.

OPINION BY JUDGE CRAIG, November 3, 1983:

Landowner James Cripe appeals from an order of the Court of Common Pleas of Crawford County which affirmed the Meadville Zoning Hearing Board's refusal to treat a mobilehome, to be located on a permanent foundation, as a single-family dwelling. The City of Meadville's Zoning Ordinance, which provides for mobilehome uses in an R-3 District classification, expressly excludes mobilehomes from the definition of single-family detached dwellings, which are permitted in the R-1 District where the property in question is located.

204

The only cognizable question[1] is the first one stated in the landowner's brief:

Whether a premanufactured mobile home, which meets the applicable area and bulk regulations of the zoning ordinance and which will be installed on a permanent foundation, qualifies as a single family detached dwelling under section 201.2 of the Meadville Zoning Ordinance?

The case for the landowner consisted merely of a proposal to locate a used mobilehome on a "permanent foundation," without any meaningful details.

The sole witness for the landowner, his manager, testified that ultimately there would be eight or ten such mobilehomes, and that he did not know the amount of space to be afforded each mobilehome or even the area of the entire parcel involved; he acknowledged that he had "no preliminary plans at all," not even "a sketched plan" to show the proposed layout. There was no variance claim; the manager witness acknowledged that there was "no particular hardship."

---

[1] The landowner's remaining contentions relate to whether considerations of property values and aesthetics can support the validity of such a zoning regulation. However, as President Judge THOMAS soundly held, the landowner, who merely filed with the board an appeal from the permit refusal, has never pursued an attack on the validity of the ordinance terms in accordance with the requirements of section 1004 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004, which requires the landowner to present a statement of grounds for a challenge and a certification under section 1004(2)(a), as well as plans describing the proposal at least in general terms. Although the landowner's appeal from the permit refusal said that the courts "have continuously stated that you cannot discriminate against utilization of a pre-manufactured home as a single-family residence," that hint of a validity attack was nowhere pursued.

The Meadville ordinance expressly excludes a "mobile home" from the definition of a single-family dwelling, and the same provision of the ordinance defines a mobilehome, not in terms of its manner of placement upon a lot, but in terms of its essential design, as follows:

A transportable single-family dwelling . . . designed to be joined into one integral unit capable of again being separated for repeated towing . . . having a frame . . . to which wheels *may* be attached, by which it *may* be moved upon a highway, . . . and constructed so that it *may* be used without a permanent foundation. (Emphasis supplied.)

Thus, the definition clearly identifies the type of unit involved in this case as a mobilehome, without reference to whether or not the wheels are removed for placement upon a foundation, because its actual design is such that it is transportable by means of wheels. In identifying a mobilehome as a dwelling which "may" be used without a permanent foundation, the definition clearly remains applicable when a foundation is optionally employed.

Thus, President Judge Thomas' reading of the ordinance, that mobilehomes, even when sited on a foundation, would continue to be prohibited in the R-1 district under the ordinance terms, is in accordance with similar interpretations in *Gravatt v. Borough of Latrobe,* 44 Pa. Commonwealth Ct. 475, 404 A.2d 729 (1979) and *County of Fayette v. Holman,* 11 Pa. Commonwealth Ct. 357, 315 A.2d 335 (1973). As noted above, the landowner's case did not reach the issues of validity which were considered in those two cases, and in *Anstine v. Zoning Board of Adjustment,* 411 Pa. 33, 190 A.2d 712 (1963).

Therefore, we affirm.

ORDER

Now, November 3, 1983, the order of the Court of Common Pleas of Crawford County, dated November 9, 1982, is affirmed.